### WESTCOTT v. REIFF.

(Supreme Court, Special Term, Kings County. February, 1902.)

SALES—ACTION FOR PRICE—PLEADING.

In an action for the price of goods, where the complaint averred that plaintiff sold "certain goods, wares, and merchandise" to defendant, a defense that, between the dates alleged, defendant ordered of plaintiff "certain slate goods," which, when delivered, were cracked, and that, on plaintiff's request, defendant sold them on plaintiff's account, and paid the proceeds to plaintiff, but not alleging that the property mentioned in the defense was the same as that mentioned in the complaint, was demurrable.

Action by Mellville H. Westcott, as president, etc., against Michael Reiff. Demurrer to a certain defense sustained.

Marsh & Wever, for plaintiff.
Charles J. Belfer, for defendant.

GAYNOR, J. The plaintiff alleges that between specified dates the plaintiff company sold and delivered to the defendant "certain goods, wares and merchandise" of a value named, which the defendant agreed to pay but has not paid.

After a general denial the answer sets up as a defence that between the dates alleged in the complaint the defendant ordered of the plaintiff company "certain slate goods" which the plaintiff guaranteed were sound and saleable; that when delivered they were found cracked; that the defendant requested the plaintiff company to take them back; that the plaintiff company thereupon requested the defendant to sell them on its account, and that he did so and paid the proceeds to the plaintiff company.

There is no allegation that the property mentioned in the defence is the same that is mentioned in the complaint.

The demurrer is sustained with costs.